E. H. LUIKART, RECEIVER, ET AL., APPELLEES, V. W. A. WELLS ET AL., APPELLANTS.

FILED JANUARY 10, 1936. No. 29428.

*James E. Bednar* and *John A. McKenzie*, for appellants.

*F. C. Radke, S. L. Winters, L. T. Fleetwood* and *Barlow Nye, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

CARTER, J.

This is an appeal from a decree of the district court for Douglas county canceling certain deeds to a parcel of real estate, the deeds being executed and delivered by the South Omaha State Bank to Daphne S. McGurk and by Daphne S. McGurk and John S. McGurk, her husband, to W. A. Wells and Clara B. Wells. From the overruling of their motion for a new trial, defendants appeal.

The real estate involved in the case at bar came into the bank in the same manner and under the same circumstances as the property involved in *Luikart v. Wells, ante*, p. 172. We therefore conclude that it was at all times thereafter the property of the South Omaha State Bank, as held in that case.

The defendants Wells obtained title to the property in the same manner and under the same circumstances as they obtained title to the real estate involved in *Luikart*

*v. Wells, ante,* p. 172. We therefore adopt the reasoning of that case and hold that the property belonged to the bank and was conveyed by John S. McGurk, the president and managing officer of the bank, to W. A. Wells and Clara B. Wells as security for or payment of a personal debt of his own. The trial court therefore rightfully canceled the deeds to the property and restored the same to the assets of the receivership of the South Omaha State Bank.

In the case at bar it appears that the property had been sold on contract to Ernest N. Collins, who at the time of the entry of the decree had paid thereon the sum of $2,875. It also appears that some of the buildings on the premises were destroyed by fire and that the insurance amounting to $10,500 has been paid to the Live Stock National Bank of Omaha in escrow to await the outcome of this suit. The trial court found that Nathan Perelman, the owner of the first mortgage, is entitled to $9,223.61 of said fund, together with interest from the date of the decree until paid, and that the South Omaha State Bank is entitled to the balance of the fund to be credited on the contract of purchase it holds with Ernest N. Collins. The trial court further found that W. A. Wells and Clara B. Wells had no interest in the property, and quieted the title in the receiver of the South Omaha State Bank as against them. We find this decree to be in all respects proper, under the circumstances of this case.

For the reasons herein set out and for the reasons set out in *Luikart v. Wells, ante,* p. 172, the judgment of the trial court is

AFFIRMED.